[Civ. No. 9365. First Appellate District, Division One.—May 18, 1934.]

ARTHUR HENAS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Raymond Salisbury for Petitioner.

Everett A. Corten for Respondents.

KNIGHT, J.—The respondent commission denied petitioner's application for compensation upon the ground that the evidence before it failed to establish that the hernia for which he sought to be compensated was caused or exacerbated by an injury arising out of his employment; and subsequently petitioner's application for rehearing was denied. In the present proceeding instituted by petitioner to have the action of said commission annulled, he concedes that the single point urged by him involves only a question of fact; and after having examined the record we are convinced that the state of the evidence is such as to preclude any court interference with the commission's finding on the determinative issue.

At the time petitioner claims to have sustained the hernia he was in the employ of Dariglen Creameries, Ltd., of Oakland, for whom he had been working for about two and a half years; and in his application for compensation he alleged that the injury occurred on May 5, 1933. On May 19th he was examined by Dr. Swarts for the insurance carrier, and on the same day his application for compensation was filed with the commission and heard by the referee; and it was upon his testimony given before the referee and his statements made to Dr. Swarts relating to the circumstances under which he believed he received the injury that the commission's adverse finding was based. In this regard petitioner stated that on the morning of May 5, 1933, he helped another company employee named Cheyney load an ice cream refrigerator weighing about 1500 pounds on an automobile truck and deliver the same at the store of a customer. But he frankly admitted before the referee and to Dr. Swarts that neither while performing this work nor at any time thereafter that day or night or the next morning did he feel the slightest pain or any symptom whatever of sickness or of anything being wrong with his condition. And in so admitting he went on to say that after performing said work he went home at noon and ate his lunch as usual, after which he returned to the company's plant and put in the afternoon overhauling and repairing the company's trucks; that at the end of the day's work he went home, ate his dinner, retired at the usual time, and the next morning went to work at the customary hour, feeling all

right and noticing no .ill effects whatever, or anything peculiar about his condition. Between 9:30 and 10 o'clock that morning, however, so he stated, while standing at a work bench cleaning spark-plugs with a wire brush, which required no exertion or strain, he felt for the first time a burning sensation in his right groin; that it continued for about an hour and then permanently disappeared; that about two days later, while undressing to go to bed, he noticed for the first time a swelling in his right groin, which he treated with some liniment; and about a week later he consulted a doctor who informed him of the existence of the hernia; but that at no time did he ever feel sick or nauseated, or suffer any pain in any region of his body. In reply to a direct question by the referee as to why he believed he was injured on May 5th, at the time of loading or unloading the truck, he replied: "Well, it is most likely, when you lift anything up that is heavy . . . [and] you go to the doctor and he says you have a hernia, . . . you go back and figure 'Well, that's what caused it.'" Such being the state of the evidence when the matter was submitted to the commission for decision, it is apparent that there is no legal ground upon which it may be held that the referee's finding, which was adopted by the commission, lacks evidentiary support.

Afterwards, in his petition for rehearing, petitioner materially changed his story. He there stated: "That at the time of his examination before the commission he did not remember clearly about the time he was injured but after thinking the matter over and not having been examined at any time before, felt upset and nervous. And now recollects having felt something happen at the time. And asking the engineer who was working with him at the time if he remembered it. He stated that at the time he had said to the engineer that it felt as if something had ripped inside. And that the accident did not show up that it really was an injury until later. And that there is no doubt that it happened at that time and was caused by lifting. . . ." Upon the denial of the rehearing petitioner filed an application pursuant to section 20 (d) of the Workmen's Compensation Act to reopen the case for the purpose of submitting additional evidence consisting of the report of the doctors who afterwards operated on petitioner, and the affidavit of

Cheyney, the employee with whom petitioner worked in moving the refrigerator. In the doctors' report they stated among other things that they "found the hernial mass lodged in the inguinal canal just above the external ring and was not adherent to the inguinal canal as it would have been in a case of long standing"; furthermore, that "the peritoneal sac was very thin, which also confirms our diagnosis of recent inguinal hernia". And in Cheyney's affidavit he stated that "while lifting same [refrigerator] into the truck the said Arthur Henas complained about something tearing and a burning sensation in the lower part of his body on the right side. This happened on the uplift of said frigidaire from the sidewalk to the truck; also complained soon after that he felt sick to his stomach." It will be seen, however, that the revised statement of facts set forth in petitioner's application for rehearing would give rise only to the question of the credibility of the witness, of which the commission is sole judge; and that the additional evidence sought to be introduced on a reopening of the case, if received, could do no more than create a conflict on the issue as to the origin of the hernia; and since by the denial of the latter petition the commission in effect held that even though said new evidence were received, it would adhere to its original conclusion, it is still beyond the power of the court, by reason of such conflict, to interfere.

The decision of the commission is affirmed.

Cashin, J., and Tyler, P. J., concurred.